The plaintiffs claimed as children and heirs at law of William Crawford, who died, seized and possessed of the premises in dispute, in January, 1831.
Mr. Crawford left a widow, Catherine, to whom dower was allotted, and which included the land sued for. She died in March, 1859.
The plaintiffs instituted an action of ejectment against the defendant, on 28th January, 1861, which pended in the Superior Court of Moore, until Spring Term, 1870, when a nonsuit was entered. This action was commenced soon thereafter, 5th August, 1879, by the plaintiffs, the admitted heirs at law of Wm. Crawford. The defendant was in possession at that time and before, claiming both possession and title in fee.
It was conceded that the defendant had acquired the life interest of the widow, by mesne conveyances from one Cook, to whom she sold it in 1831, executing a deed therefor. The defendant claims also to have acquired the reversionary interest of the heirs of Wm. Crawford; to establish which, he read in evidence a deed from Daniel Mitchell, sheriff of Moore County, to one Matthew G. Campbell, dated 25th August, 1832, conveying the land, and containing the following recitals:
"This indenture, made this 23d August, in the year A.D. 1832, *Page 137 
between Daniel McNeill, Esq., sheriff of Moore County, and State of North Carolina, on the one part, and Matthew G. Campbell, of the county of Moore, and State of North Carolina, on the other (157) part: Whereas, by virtue of execution, issuing from the County Court of Moore, for the sum of $23.78, recovered by Nancy McNair, and cost thereon, which said sum was against the heirs at law of Wm. Crawford, of Moore County, as on record of said Court may appear and whereas the said execution was directed and delivered to the said Daniel McNeill, Esq., sheriff as aforesaid, commanding him, that of the goods and chattels, lands and tenements of the said heirs at law of the said Wm. Crawford, he should cause to be made the aforesaid sum of $23.78, to satisfy said execution with the costs thereon, and the said Daniel McNeill, Esq., sheriff as aforesaid, in pursuance and by virtue of his office and the aforesaid execution, into his hands and custody, (no goods or chattels to be found,) did seize a certain piece or parcel of land, situate, lying and being in the said county of Moore, and bounded as follows, to-wit;" (description as set forth in the complaint." "And the said Daniel McNeill, sheriff as aforesaid, after due advertisement according to law, did cause the said parcel of land, with the appurtenance thereto belonging, to be put up at public sale to the highest bidder, at the Court House in Carthage, in Moore County, on the 3d Monday in February, A.D. 1832, at which time and place, Matthew G. Campbell became the last and highest bidder, at the sum of $21.75, for the said land and appurtenances thereto belonging. This indenture witnesseth, that the said Daniel McNeill, sheriff of said county of Moore, for and in consideration," c., conveyed the land to the purchaser, Campbell.
The defendant then read as evidence, mesne conveyances from Matthew G. Campbell, the purchaser, down to himself — his own deed dated 12th October, 1836, followed by the possession of the land, since 28th May, 1833.
Defendant insisted that the recital contained in the sheriff's deed, of the execution, levy and sale, was prima facie evidence of those facts; that Campbell not being the plaintiff in the execution, was not bound to show the judgment upon which the execution issued, (158) neither was the defendant, who claimed under him; insisting that he had thus shown himself entitled not only to the dower interest of the widow, but also to reversionary interest of the heirs, the plaintiffs herein.
In answer to this defense, the plaintiffs read as evidence, the records of the County Court of Moore, relating to a certain suit to-wit; Wm.Campbell v. Nancy McNair, out of which the execution, under which *Page 138 
the land was sold, issued. This record was produced to show, that the proceedings in the case, in the County Court, were so defective and irregular as to be void, and therefore inadequate to support the title claimed by defendant.
The records showed, that at August Term, 1830, an appeal entered from a Justice's Court, in the case wherein William Crawford was plaintiff andNancy McNair, defendant, and that the defendant pleaded general issue, stat. lim., pay and set off, that at the November Term ensuing, the case was continued; at February Term, 1831, the death of the plaintiff was suggested; at May Term, 1831, the suit abated; Fi. fa. issued; on motion, Neill McNeill, Esq., is appointed guardian ad litem for the infant heirs at law of Wm. Crawford, dec'd. (After the abatement of the suit, the Clerk taxed each party with their respective costs, and issued execution.) A fi.fa. against the goods and chattels of Wm. Crawford, dec'd., issued returnable to the ensuing August Term, 1831.
Return endorsed by Sheriff.
"No goods, nor chattels found, levied on 210 acres of land on both sides of," c.
On the 13th September, 1831, a sci. fa. issued to heirs of Wm. Campbell, to show cause why the said land should not be sold.
At November Term, 1831, the suit is docketed Nancy McNair v.The heirs of Wm. Campbell, sci fa. made known. Judgment according to sci. fa. Ven. ex. issued 7th Dec'r, 1831.
(159) On the ven. ex. on file is a receipt of $12.29 from D. McNeill, sheriff, signed by D. McIver, Attorney.
The plaintiffs having objected, among other things, that there was no return of a sale under the ven. ex., and also insisting, that as a matter of fact, that there was no sale made by the sheriff, the defendant, to corroborate the recital of a sale to Matthew G. Campbell, as contained in the sheriff's deed to him, offered to prove by one W. Bryan, that he heard the said Campbell, while in possession of the land, claim to be the owner by purchase at an execution sale against the heirs of Wm. Crawford. To this evidence the plaintiffs objected. Objection overruled, evidence admitted and plaintiffs excepted.
Plaintiffs' asked his Honor to charge the jury, that even supposing there was a sale made by the sheriff, yet the whole proceedings were so radically defective, as to be null and void, sale included, and consequently the title never passed from the plaintiffs, and that consequently they were entitled as the heirs of Wm. Crawford to recover the land. These instructions the Court declined and again plaintiff excepted.
The issue of sale or no sale being submitted to the jury, they found *Page 139 
in favor of the defendant. Rule for a new trial; rule discharged, judgment and appeal by the plaintiffs.
With every disposition to support the title of purchasers at sheriffs' sales and to relieve them from the effect of a mere non-observance of matters of detail by the officers of the law, we find ourselves unable to do so in this case, because it appears of record, that there is no judgment to support the execution under which the sheriff sold the land, there could have been none, for there was no personal representation of the deceased against whom a judgment could have been rendered.
According to the mode of procedure, in 1831, in order to (160) subject land to the payment of a debt, there was, in the first place, a judgment against the personal representative, fixing the debt. The plea of fully administered being admitted, or found by the jury, and in the second place a sci. fa. setting out the judgment and calling upon the heirs to show cause why execution should not issue against the land which had descended. This gives to the heirs a day in Court in order to make a "collateral issue" as to the due administration of the personal estate.
In our case there is "no personal representative," no judgment against him to "fix the debt," no day in Court for the heirs to show why execution"upon said judgment" shall not issue to sell the real estate. But when the suit abated by reason of the death of William Crawford, (the plaintiff) there issued a fi. fa. to make "his part of the costs of the goods and chattels," "leaved on 210 acres of land," then follows a sci. fa. against the heirs to show why the land should not be sold, and a venditioniexponas, under which the land is sold. These proceedings are not merely irregular but void and of no effect, for the want of a judgment against the personal representative. So Campbell, under whom the defendant claims had no title, by power of the sheriff's sale.
There is error.
PER CURIAM. Venire de novo. *Page 140